UNITED STATES OF AMERICA,

                Plaintiff,

    v.

LASHAWN DAVIS JR. and
DIAUNTE D. SHIELDS,

                Defendants.

Case No. 24-CR-170

[18 U.S.C. §§ 371, 2312, 2313, 2321, and 2(a); 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), & 846]

## SUPERSEDING INDICTMENT

### COUNT ONE
*Conspiracy to Traffic in Stolen Motor Vehicles and Controlled Substances- 18 U.S.C. § 371*

**THE GRAND JURY CHARGES THAT:**

1.    From in or about November 2020 through in or about November 2023, in the State and Eastern District of Wisconsin and elsewhere,

**LASHAWN DAVIS JR. and
DIAUNTE D. SHIELDS**

knowingly and willfully conspired with each other and others, known and unknown to the Grand Jury, to commit offenses against the United States, namely:

(a)    Transported and caused to be transported in interstate commerce a stolen motor vehicle knowing it to have been stolen, in violation of Title 18, United States Code, Sections 2312 and (2)(a).

(b) After being stolen and transported in interstate commerce, received, possessed, concealed, stored, sold, and disposed of the vehicle knowing the vehicle was stolen, in violation of Title 18, United States Code, Sections 2313 and (2)(a).

(c) Knowingly bought, received, possessed, and obtained control of, with intent to sell, a motor vehicle, knowing that an identification number for such motor vehicle had been tampered with, and altered, in violation of Title 18, United States Code, Sections 2321 and 2(a).

(d) Possessed and attempted to possess with intent to distribute controlled substances, including fentanyl and methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), and Title 18, United States Code, Section 2(a).

## Manner and Means of the Conspiracy

2. The manner and means used to accomplish the objects and purposes of the conspiracy included, among other things:

    a. The conspirators stole and directed others to steal motor vehicles, mostly high-end pickup trucks, sports utility vehicles (SUVs), and sports cars, in Wisconsin, Illinois, Georgia, and other states. The motor vehicles were stolen from parking lots, vehicle dealerships and factories, vehicle rental businesses, and private individuals who offered their vehicle for rent. To assist in stealing vehicles, the conspirators used vehicle tracking devices and possessed key frequency operated button (fob) re-programmers.

    b. The conspirators knowingly received these stolen vehicles in Wisconsin and other states.

2

c.  The conspirators then switched the visible vehicle identification number (VIN) of the vehicles and substituted it with a fraudulent VIN and directed others to do so. The conspirators then created and directed others to create a fraudulent title for the vehicle using the fraudulent VIN and often listing the owner as a Limited Liability Corporation created by the conspirators to shield them from detection.

d.  The conspirators used the fraudulent VIN to then register the vehicle in Wisconsin or another state so that it appeared the vehicle was lawfully possessed.

e.  The conspirators sold the vehicles for below their fair-market value to others who knew or reasonably should have known the vehicles were stolen. Some of the sales were to purchasers in Georgia and other states resulting in the conspirators transporting stolen vehicles in interstate commerce and using car hauling services to do so.

f.  The conspirators provided the purchaser with what appeared to be official paperwork for the vehicle.

g.  The conspirators also purchased and sold controlled substances that were obtained using funds derived from the illegal trafficking in stolen vehicles and offered to purchase re-sale quantities of controlled substances in exchange for stolen vehicles.

**Acts in Furtherance of the Conspiracy**

3.  To further the objects of the conspiracy, the conspirators committed the following acts in the Eastern District of Wisconsin and elsewhere, including:

a.  On or about November 5, 2022, Diaunte Shields and Lashawn Davis Jr., possessed and controlled a 2022 Ford Bronco Raptor knowing the VIN

3

displayed on parts of the vehicle had been unlawfully altered and was different than the manufacturer VIN.

    b.  On or about November 5, 2022, Diaunte Shields and Lashawn Davis Jr., unlawfully caused a stolen, 2022 Ford Bronco Raptor to be transported from Wisconsin to Georgia.

    c.  On or about November 15, 2022, Diaunte Shields and Lashawn Davis Jr., received a 2021 Chevrolet Tahoe in Wisconsin knowing that it had been stolen and transported from Georgia.

    d.  On or about November 15, 2022, Diaunte Shields and Lashawn Davis Jr., possessed and controlled a 2021 Chevrolet Tahoe knowing the VIN displayed on parts of the vehicle had been unlawfully altered and was different than the manufacturer VIN.

All in violation of Title 18, United States Code, Section 371.

# COUNT TWO
*Receipt of Stolen Vehicle in Interstate Commerce*—18 U.S.C. § 2313

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about October 9, 2022, in the State and Eastern District of Wisconsin and elsewhere,

### DIAUNTE D. SHIELDS

did receive, possess, conceal, store, barter, sell, and dispose of a stolen motor vehicle, that is, a 2021 Ram 1500 TRX, VIN ending in 13623, which vehicle had crossed a State boundary after being stolen on or about October 9, 2022, in Chicago, Illinois, and subsequently brought into the State of Wisconsin, knowing the same to have been stolen.

In violation of Title 18, United States Code, Sections 2313 and 2(a).

# COUNT THREE
*Trafficking in Certain Motor Vehicles*—18 U.S.C. § 2321

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about November 11, 2022, in the State and Eastern District of Wisconsin,

**DIAUNTE D. SHIELDS**

knowingly possessed and obtained control of, with the intent to sell, a motor vehicle, namely, a 2021 Ram 1500 TRX, knowing that the VIN displayed on parts of the vehicle had been unlawfully tampered with and altered and was different than the manufacturer VIN ending in 13623.

In violation of Title 18, United States Code, Sections 2321 and 2(a).

## COUNT FOUR
*Receipt of Stolen Vehicle in Interstate Commerce*—18 U.S.C. § 2313

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about October 22, 2022, in the State and Eastern District of Wisconsin and elsewhere,

**DIAUNTE D. SHIELDS**

did receive, possess, conceal, store, barter, sell, and dispose of a stolen motor vehicle, that is, a 2022 Ford Bronco Raptor, VIN ending in 50737, which vehicle had crossed a State boundary after being stolen on or about October 9, 2022, in Wayne, Michigan, and subsequently brought into the State of Wisconsin, knowing the same to have been stolen.

In violation of Title 18, United States Code, Sections 2313 and 2(a).

## COUNT FIVE
*Trafficking in Certain Motor Vehicles*—18 U.S.C. § 2321

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about November 1, 2022, in the State and Eastern District of Wisconsin,

**LASHAWN DAVIS JR. and
DIAUNTE D. SHIELDS**

knowingly possessed and obtained control of, with the intent to sell, a motor vehicle, namely, a 2022 Ford Bronco Raptor, knowing that the VIN displayed on parts of the vehicle had been unlawfully tampered with and altered and was different than the manufacturer VIN ending in 50737.

In violation of Title 18, United States Code, Sections 2321 and 2(a).

## COUNT SIX
*Receipt of Stolen Vehicle in Interstate Commerce*—18 U.S.C. § 2313

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about October 22, 2022, in the State and Eastern District of Wisconsin and elsewhere,

**DIAUNTE D. SHIELDS**

did receive, possess, conceal, store, barter, sell, and dispose of a stolen motor vehicle, that is, a 2022 Ford Bronco Raptor, VIN ending in 51323, which vehicle had crossed a State boundary after being stolen on or about October 9, 2022, in Wayne, Michigan, and subsequently brought into the State of Wisconsin, knowing the same to have been stolen.

In violation of Title 18, United States Code, Sections 2313 and 2(a).

# COUNT SEVEN
*Trafficking in Certain Motor Vehicles*—18 U.S.C. § 2321

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about November 5, 2022, in the State and Eastern District of Wisconsin,

**LASHAWN DAVIS JR. and
DIAUNTE D. SHIELDS**

knowingly possessed and obtained control of, with the intent to sell, a motor vehicle, namely, a 2022 Ford Bronco Raptor, knowing that the VIN displayed on parts of the vehicle had been unlawfully tampered with and altered and was different than the manufacturer VIN ending in 51323.

In violation of Title 18, United States Code, Sections 2321 and 2(a).

## COUNT EIGHT
*Transporting a Stolen Vehicle in Interstate Commerce*—18 U.S.C. § 2312

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about November 5, 2022, in the State and Eastern District of Wisconsin and elsewhere,

**LASHAWN DAVIS JR. and
DIAUNTE D. SHIELDS**

did unlawfully transport and cause to be transported in interstate commerce a stolen motor vehicle, that is a 2022 Ford Bronco Raptor, VIN ending in 51323, from the State of Wisconsin to the State of Georgia, knowing the same to be stolen.

In violation of Title 18, United States Code, Sections 2312 and 2(a).

# COUNT NINE
*Receipt of Stolen Vehicle in Interstate Commerce*—18 U.S.C. § 2313

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about November 15, 2022, in the State and Eastern District of Wisconsin and elsewhere,

**LASHAWN DAVIS JR. and
DIAUNTE D. SHIELDS**

did receive, possess, conceal, store, barter, sell, and dispose of a stolen motor vehicle, that is, a 2021 Chevrolet Tahoe Z71, VIN ending in 64688, which vehicle had crossed a State boundary after being stolen on or about November 10, 2022, in Springfield, Missouri, and subsequently brought into the State of Wisconsin, knowing the same to have been stolen.

In violation of Title 18, United States Code, Sections 2313 and 2(a).

## COUNT TEN
*Trafficking in Certain Motor Vehicles*—18 U.S.C. § 2321

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about November 15, 2022, in the State and Eastern District of Wisconsin,

**LASHAWN DAVIS JR. and
DIAUNTE D. SHIELDS**

knowingly possessed and obtained control of, with the intent to sell, a motor vehicle, namely, a 2021 Chevrolet Tahoe Z71, knowing that the VIN displayed on parts of the vehicle had been unlawfully tampered with and altered and was different than the manufacturer VIN ending in 64688.

In violation of Title 18, United States Code, Sections 2321 and 2(a).

13

## COUNT ELEVEN

**THE GRAND JURY FURTHER CHARGES THAT:**

1. On or about April 18, 2022, in the State and Eastern District of Wisconsin and elsewhere,

**LASHAWN DAVIS JR. and**
**DIAUNTE D. SHIELDS**

knowingly and intentionally attempted to possess with intent to distribute controlled substances.

2. The offense involved 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 846 and Title 18, United States Code Section 2(a).

## COUNT TWELVE

**THE GRAND JURY FURTHER CHARGES THAT:**

1. On or about August 27, 2023, in the State and Eastern District of Wisconsin and elsewhere,

**LASHAWN DAVIS JR. and
DIAUNTE D. SHIELDS**

knowingly and intentionally possessed with the intent to distribute controlled substances.

2. The offense involved 40 grams or more of a mixture and substance containing N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl), a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and Title 18, United States Code, Section 2(a).

## FORFEITURE NOTICE

1. Upon conviction of any of the offenses charged in Counts One through Ten of the Superseding Indictment, the defendants shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), by way of Title 28, United States Code, Section 2461(c), any property that constitutes or is traceable to proceeds of the offense. This property includes, but is not limited to, a money judgment for the sum of money equal to the amount of proceeds obtained as a result of the offense.

2. If any of the above-described forfeitable property, as a result of any act or omission of the defendant,

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c), to seek the forfeiture of any other property of the defendant, up to the value of the above-described forfeitable property.

A TRUE BILL:

FOREPERSON
Dated: 10 DEC 2024

_/s/ Gregory J. Haanstad_
GREGORY J. HAANSTAD
United States Attorney